UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO R. WILLIAMS, | No. 2:16-cv-0686 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA STATE PRISON LOS ANGELES COUNTY, | |
| Respondent. | |

 Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 conviction. On April 25, 2016, petitioner filed a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

 Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

 The court's records reveal that petitioner previously filed an application for a writ of habeas corpus attacking the 2009 conviction and sentence challenged in this case. Williams v. Warden, California State Prison, Los Angeles County, Case No. 2:12-cv-1588 KJM CKD P. The previous application was filed on August 31, 2011. On September 29, 2014, respondent's motion

1  to dismiss the petition for untimeliness was granted. Id.  Petitioner concedes, and the case docket
2  confirms, that his appeal from that dismissal is pending in the Ninth Circuit Court of Appeals
3  (Case No. 15-17389). (ECF No. 1 at 1.)  In addition, petitioner raises new claims in the instant
4  petition that were not included in the prior petition.

5        Generally speaking, a petition is second or successive if it raises claims that were or could
6  have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270,
7  1273 (9th Cir. 2001).  Moreover, although a dismissal based upon the statute of limitations does
8  not include an examination of the merits of the underlying claims presented in the petition, such a
9  dismissal is considered an adjudication of the merits for purposes of determining whether a
10 subsequent petition is successive under 28 U.S.C. § 2244. McNabb v. Yates, 576 F.3d 1028,
11 1030 (9th Cir. 2009).  Moreover, a petition need not be repetitive to be "second or successive,"
12 within the meaning of 28 U.S.C. § 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-
13 21 (9th Cir. 1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).

14       Before petitioner can proceed with the instant application, he must move in the United
15 States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider
16 the application.  28 U.S.C. § 2244(b)(3)(A).  There is no indication that petitioner has obtained
17 such approval prior to the filing of the current petition.  Thus, this court lacks jurisdiction to
18 address the merits of the petition. See 28 U.S.C. § 2244(b) (3); Cooper, 274 F.3d at 1274 (stating
19 that failure to request the requisite authorization to file a second or successive § 2254 petition
20 from the circuit court deprives the district court of jurisdiction).  Therefore, petitioner's
21 application must be dismissed without prejudice to its re-filing upon obtaining authorization from
22 the United States Court of Appeals for the Ninth Circuit.

23       In accordance with the above, IT IS HEREBY ORDERED that:
24       1. Petitioner's application to proceed in forma pauperis (ECF No. 12) is granted;
25       2. The Clerk of the Court is directed to assign a district judge to this case; and
26       IT IS RECOMMENDED that this action be dismissed without prejudice.
27       These findings and recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will0686.succ

after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 2, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will0686.succ